IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Raymond Joseph Alaounis, | ) | Civil Action No.: 4:19-2977-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Andrew Saul, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This action is brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which partially denied Plaintiff Raymond Joseph Alaounis's ("Plaintiff") claim for disability insurance benefits and supplemental security income.  The record includes the report and recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In his Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision partially denying benefits.  Plaintiff filed objections to the Report, the Commissioner filed a reply to Plaintiff's objections, and the matter is ripe for review.  *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy).  For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision partially denying benefits.

## BACKGROUND

Plaintiff filed for disability insurance benefits and supplemental security income on September 4, 2012, alleging an inability to work since August 20, 2012.  Plaintiff's claims were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ").  After the hearing, the ALJ issued an unfavorable decision on October 2, 2014.  The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review.

Plaintiff then filed this action seeking judicial review on February 22, 2016.  The Magistrate Judge recommended affirming the decision, but the undersigned declined to adopt the Magistrate Judge's Report based on issues with Plaintiff's residual functional capacity ("RFC").  Thus, the Court remanded the ALJ's decision, and another hearing was held on February 1, 2018.  On May 9, 2018, the ALJ issued a partially favorable decision, finding Plaintiff disabled for purposes of supplemental security income and disability insurance benefits as of December 30, 2016.  The ALJ found Plaintiff not disabled prior to December 30, 2016, and Plaintiff's date last insured was December 31, 2016.

## STANDARDS OF REVIEW

### I.      The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole

or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

## II.    Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act.  Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied."  *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).  "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency.  *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

## I.    The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability.  The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage

in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment.  20 C.F.R. § 404.1520(b).  If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment.  20 C.F.R. § 404.1520(c)  If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations.  20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I.  If so, the claimant is disabled.  If not, the next inquiry considers if the impairment prevents the claimant from returning to past work.  20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step.  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993).  The burden of production and proof remains with the claimant through the fourth step.  Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience.  *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date.  Next, the ALJ determined that Plaintiff has the following severe impairments: coronary artery disease; ischemic heart disease; and left ankle deformity.  The ALJ found that Plaintiff does not have an impairment or combination

of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that since August 20, 2012, Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) except that Plaintiff can occasionally kneel and stoop; Plaintiff can occasionally climb ramps and stairs; Plaintiff is precluded from all other postural movements; Plaintiff must avoid concentrated exposure to sunlight and work place hazards; Plaintiffs requires the opportunity to alternate between sitting and standing every 30-60 minutes; and Plaintiff can occasionally perform foot controls with the left lower extremity.  The ALJ found that Plaintiff is unable to perform any past relevant work but that prior to December 30, 2016, considering his age, education, work experience, and residual functional capacity, jobs existed in significant numbers in the national economy that Plaintiff could perform.  However, the ALJ also found that beginning on December 30, 2016, when Plaintiff's age category changed, there were no longer any jobs that existed in significant numbers that Plaintiff could perform.  Accordingly, the ALJ found that Plaintiff was not under a disability prior to December 30, 2016, but that he became disabled on December 30, 2016, and has continued to be disabled through the date of the decision.

## II.     The Court's Review

In his brief, Plaintiff alleges that (1) the ALJ failed to explain his findings regarding Plaintiff's RFC, as required by Social Security Ruling 96-8p; (2) the ALJ failed to properly apply the Grids as a framework for decision making because the vocational testimony failed to show that the occupational base of light work was not substantially eroded: and (3) the ALJ erred in considering Plaintiff's subjective symptomology.  (ECF No. 14.)

5

In his Report, the Magistrate Judge first considered Plaintiff's argument that the ALJ erred in considering Plaintiff's subjective symptoms, noting that this argument relates to Plaintiff's argument regarding the ALJ's RFC findings. The Magistrate Judge explained the two-step process for evaluating a claimant's subjective complaints, noting that, first, the fact-finder considers whether there is documentation of objective medical evidence of an underlying impairment that would be expected to cause subjective complaints of the severity and persistence alleged, and, second, once an underlying impairment is established, the fact-finder considers the entire record, including objective and subjective evidence, to evaluate the intensity and persistence of symptoms to determine how they limit the capacity for work. *Craig v. Chater*, 76 F.3d 585, 591-96 (4th Cir. 1996); 20 C.F.R. § 404.1529; S.S.R. 16-3p. An ALJ may reject a claimant's testimony regarding his condition, but the ALJ must explain the basis for the rejection to ensure that the decision is sufficiently supported by substantial evidence. *Hatcher v. Sec'y, Dep't of Health & Human Servs.*, 898 F.2d 21, 23 (4th Cir. 1989) (quoting *Smith v. Schweiker*, 719 F.2d 723, 725 n.2 (4th Cir. 1984)). Furthermore, an ALJ need not accept a claimant's allegations "to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers[.]" *Craig*, 76 F.3d at 595.

Here, the Magistrate Judge thoroughly outlined the evidence the ALJ considered regarding Plaintiff's subjective complaints, noting, for example, the ALJ's reference to: Plaintiff's allegations that he drove but did not engage in many activities; Plaintiff's assertion that he did not feel well when he tried to cut the grass and was unable to work because of numbness and tingling in his feet; Plaintiff's testimony that he urinated frequently; Plaintiff's

6

allegation that he napped an hour 2-3 times a day, had shoulder pain, and sometimes did chores; Plaintiff's testimony that his diabetes made his heart issues worse; and Plaintiff's assertion that his wife did most of the chores.

The Magistrate Judge then outlined the ALJ's reasons for finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of symptoms were not fully supported by the objective medical evidence, pointing to specific notes and medical opinions spanning from September of 2012 through 2016.  Ultimately, the Magistrate Judge found that the ALJ sufficiently explained how Plaintiff's subjective complaints were not entirely consistent with the medical evidence, and the Magistrate Judge found that the ALJ conducted a proper evaluation of Plaintiff's subjective symptoms and that he cited substantial evidence to support his findings.

Next, the Magistrate Judge considered Plaintiff's argument that the ALJ erred in determining Plaintiff's RFC and failed to properly explain the finds as required by Social Security Ruling 96-8p.  The Magistrate Judge explained that the fact-finder evaluates a claimant's subjective symptoms before determining the claimant's RFC, *see* S.S.R. 96-4p, and that the fact-finder considers Plaintiff's complaints along with all of the other evidence, including objective exams, *see* S.S.R. 96-8p.

First, with respect to Plaintiff's diabetes and peripheral neuropathy, the Magistrate Judge noted that the ALJ specifically Plaintiff's complaints of numbness and tingling in his feet, as well as doctor's notes stating that Plaintiff's neuropathy was not severe enough to treat with medication.  The Magistrate Judge thoroughly outlined the ALJ's discussion of the medical evidence pertaining to Plaintiff's diabetes and peripheral neuropathy.  The Magistrate Judge also explained that Plaintiff relies on his own reports to his medical

7

providers as supporting a more restrictive RFC, but that Plaintiff's subjective complaints do not constitute objective medical evidence, and subjective complaints are not viewed in a vacuum when an ALJ determines a claimant's RFC but instead are viewed within the lens of the ALJ's prior evaluation of the claimant's subjective symptoms.  Ultimately, the Magistrate Judge found that the records cited by Plaintiff, "while displaying Plaintiff's complaints of numbness and tingling and diagnosis of uncontrolled diabetes at times, do not reveal regular abnormal exams or functional limitations by treating providers."  (ECF No. 19 at 27.)  And the Magistrate Judge found that, as to diabetes and peripheral neuropathy, substantial evidence supports the ALJ's conclusion not to include further sitting, standing, or walking, or any other additional limitations, in Plaintiff's RFC.

Next, as to Plaintiff's argument that the ALJ omitted discussion of claudication and the effect on Plaintiff's ability to walk, the Magistrate Judge explained that no doctor stated that claudication affected Plaintiff's ability to walk.  As to Plaintiff's assertion that the ALJ did not account for Plaintiff's ankle pain and range of motion, the Magistrate Judge explained that the ALJ discussed Plaintiff's allegations and the treatment notes related to Plaintiff's ankle, and that Plaintiff's RFC included preclusion entirely from some postural categories, a sit/stand option every 30-60 minutes, and a limitation as to foot controls with the left lower extremity to occasional.  The Magistrate Judge found that the ALJ sufficiently outlined the evidence pertaining to Plaintiff's ankle and properly considered these concerns in his RFC narrative.

Finally, the Magistrate Judge found no merit to Plaintiff's argument that the ALJ failed to properly apply the Grids framework.  The Magistrate Judge explained that once an ALJ decides if a claimant can meet the primary requirements of sedentary, light, or

medium work, then the ALJ decides how much of the occupational base remains after considering certain non-exertional limitations.  S.S.R. 83-14.  Here, the Magistrate Judge found that the ALJ performed the proper analysis as required by the guidelines and applicable rules in determining the sufficiency of the occupational base after erosion

In his objections, Plaintiff first asserts that the Magistrate Judge failed to show where the ALJ properly considered the medical records concerning Plaintiff's diabetes and peripheral neuropathy from 2012 to 2014.  Plaintiff asserts that this Court previously remanded the matter to the ALJ because these records were overlooked, and that on remand, the ALJ again overlooked these records.  Plaintiff states: "The Magistrate Judge attempts to perform the task assigned to the ALJ in the Report and Recommendation by commenting on the specific records that the District Judge previously cited as relevant to the RFC determination."  (ECF No. 21 at 2.)

After review, the Court is not convinced by Plaintiff's objection.  As the Court explained in its prior remand order, the Court determined that it was not clear how the ALJ accounted for Plaintiff's *severe* impairments of diabetes and peripheral neuropathy in assessing Plaintiff's RFC.  *See Alaounis v. Berryhill*, No. 4:16-532, ECF No. 33 at 8.  The Court explained that although the ALJ mentioned one record from 2012 concerning Plaintiff's diabetes and one record from 2013 concerning Plaintiff's neuropathy, the ALJ did not address any of the other records from between 2012 and April of 2014 concerning Plaintiff's diabetes and neuropathy and did not include any explanation in her narrative of how Plaintiff's severe impairments of diabetes and neuropathy impacted his ability to work. *Id*.

Here, in contrast to the ALJ's prior decision, the ALJ on remand did not find Plaintiff's

9

diabetes and peripheral neuropathy to be severe impairments.  Rather, the ALJ stated that "there is no documentation that these minor medical problems have imposed recurring vocationally restrictive limitations for a period of 12 continuous months." (ECF No. 11-9 at 19.)  Thus, the ALJ found that these impairments were non-severe and that they had no more than a minimal effect on Plaintiff's ability to work. (*Id.*)  After review, the Court fully agrees with the Magistrate Judge that the ALJ's decision includes ample discussion of Plaintiff's complaints and allegations regarding the non-severe impairments of diabetes and peripheral neuropathy, and that the ALJ adequately explains how the objective medical evidence as a whole does not support Plaintiff's allegations.  As such, the Court agrees with the Magistrate Judge that there is "more than a mere scintilla of evidence" to support the ALJ's decision not to include further sitting, standing, or walking limitations related to the non-severe impairments of diabetes and peripheral neuropathy.

Next, Plaintiff objects to the ALJ's application of the Grids and repeats his argument that the ALJ should have considered the Grid Rule for sedentary work because the additional limitations described in the RFC reduced the number of light jobs available to Plaintiff.  After review, the Court finds no merit to this objection.  As the Magistrate Judge properly noted, the RFC was light, not sedentary, and the vocational expert testified that jobs existed for a hypothetical individual with additional limitations in this category.  Thus, the Court agrees with the Magistrate Judge that the ALJ complied with the applicable guidelines and policies in performing the step five analysis and in considering the erosion of the light-work occupational base by Plaintiff's additional limitations.  Thus, the Court overrules Plaintiff's objection.

As a final objection, Plaintiff asserts that the ALJ erred in his assessment of

Plaintiff's subjective symptomology and asserts that the Magistrate Judge does not respond to Plaintiff's argument that the ALJ failed to consider how the lay statements about Plaintiff's limitations were not inconsistent with the RFC.  After review, the Court finds that Plaintiff essentially raises the same issue he raised before the Magistrate Judge, and the Court finds the Magistrate Judge thoroughly considered this issue in his Report.  Moreover, after review, the Court fully agrees with the Magistrate Judge's analysis regarding the ALJ's evaluation of Plaintiff's subjective complaints.  As the Magistrate Judge explained, the Court's review is limited to whether substantial evidence supports the ALJ's decision, and a review of the ALJ's decision indicates that the ALJ sufficiently explained how Plaintiff's subjective symptomolgy was not entirely consistent with the objective exam findings and the other evidence of record.  (ECF No. 11-9 at 21-24.)  Accordingly, the Court overrules Plaintiff's objection.

## **CONCLUSION**

Based on the foregoing, it is ordered that the Magistrate Judge's Report (ECF No. 19) is adopted in full and specifically incorporated herein; Plaintiff's objections (ECF No. 21) are overruled; and the Commissioner's final decision partially denying benefits is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

March 9, 2021
Charleston, South Carolina